

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00405-CV

---

IN THE INTEREST OF D.A.M., A CHILD

---

On Appeal from the 261st District Court
Travis County, Texas
Trial Court No. D-1-FM-23-004172, Honorable Catherine A. Mauzy, Presiding

---

December 7, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Desmond Mounia Fields, Jr., proceeding pro se, appeals from the trial court's *Order Denying Respondent's Plea to the Jurisdiction*.[1]  We dismiss the appeal the appeal for want of jurisdiction.

In June 2023, Appellee, Maya Coria, filed a suit affecting the parent-child relationship between herself, Fields, and D.A.M., a child.  In response, Fields filed a plea to the jurisdiction claiming that the State of Texas did not have subject matter jurisdiction

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

over D.A.M. *See* TEX. FAM. CODE ANN. § 152.101, et seq. (the "Uniform Child Custody Jurisdiction and Enforcement Act"). On August 31, 2023, the trial court signed an order denying Fields' plea to the jurisdiction. Fields filed this appeal from that order.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

The trial court's order denying Fields' plea to the jurisdiction is not a final judgment as it does not include any finality language, nor does it dispose of all pending parties and claims. Further, we have found no statutory authority permitting its interlocutory appeal. *See In the Interest of C.V.*, No. 02-20-00281-CV, 2020 Tex. App. LEXIS 9446, at *2 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (per curiam) (mem. op.) ("Because a governmental unit did not file the plea to the jurisdiction, the trial court's order denying the plea is not subject to interlocutory appeal."); *Johnson-Smith v. Mallory*, No. 03-23-00483-CV, 2023 Tex. App. LEXIS 8334, at *2 (Tex. App.—Austin Nov. 2, 2023, no pet. h.) (mem. op.) (dismissing appeal from interlocutory order issued under the Uniform Child Custody Jurisdiction and Enforcement Act for want of jurisdiction).

By letter of November 2, 2023, we notified Fields that it did not appear we have jurisdiction over the appeal because the trial court's *Order Denying Respondent's Plea to*

*the Jurisdiction* is not a final judgment or an appealable interlocutory order. We directed Fields to show grounds for continuing the appeal by November 13, 2023, or we would dismiss the appeal for want of jurisdiction. Fields has not responded to our letter to date.

Because there is no final judgment or appealable order presented for review, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam